IN UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOYA KAIGLER**,<br><br>                              Plaintiff,<br><br>VERSUS<br><br>**INSTANT BRANDS, INC.**,<br><br>                              Defendant. | **Civil Action No.: 2:20-cv-00887-EEF-JVM**<br><br>**Section: Judge Eldon E. Fallon**<br><br>**Division: Magistrate Judge Janis van Meerveld** |

## **PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Plaintiff Latoya Kaigler ("Plaintiff") submits this response to the Court's June 17, 2020 *sua sponte* Order to Show Cause regarding Defendants Instant Brands, Inc. ("Defendant"). In addition to their representation of Latoya Kaigler, Plaintiff's counsel represent eight (8) additional Plaintiffs in pressure cooker lawsuits filed against Defendant Instant Brands. Seven of those are pending in federal courts across the country and one is in state court.1  For each of these claims, Plaintiff's counsel has retained the Shreefer Law Firm, LLC ("Shreefer Firm"), an international litigation support firm, to serve process on Defendant through the *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* ("Hague Service Convention"). However, due to the Covid-19 epidemic, Instant Brands, like most Canadian businesses, had been closed since late March, which has made service through Hague Service Convention difficult to accomplish. *See* the Declaration of

---

1 Those cases are: *Deborah Shipley v. Instant Brands, Inc.*, District of Colorado, No. 1:19-cv-03235- DDD-KMT; *Gail Barela v. Instant Brands, Inc.*, Central District of California, No. 2:20-cv-01518-RGK-KS; *Jenny Tze-Jay Pao v. Instant Brands, Inc*., Northern District of California, No. 4:19-cv08070-DMR; *Dustin Smith v. Instant Brands, Inc*., Southern District of Georgia, No. 5:19-cv-00113-LGWBWC; *Lindie Snyder, et. al. v. Instant Brands, Inc*., Middle District of Georgia, No. 4:19-cv-00212-CDL*; Kevonna Michelle Young v. Instant Brands, Inc*., Northern District of Georgia, No. 1:19-cv04461-WMR.; *Klaudia Elliot v. Instant Brands, Inc*., District of Colorado, No. 1:19-cv-03341-RBJ; and *Lori Webb v. Instant Brands, Inc*., Delaware Superior Court, New Castle County No. N19C-09-236.

Karina Shreefer, Esq. ("Shreefer Decl."), ¶ 3. Notwithstanding the pandemic, the Summons and Complaint were served upon the Defendant on June 24, 2020. *See* Docket Entry 10*; see also* Shreefer Decl., ¶ 4. Therefore, Plaintiff respectfully requests that the Court not dismiss her case, and that she be allowed to proceed on the merits.

## I. <u>STATEMENT OF FACTS</u>

This is a product liability action based upon causes of action the Louisiana Products Liability Act, LSA-R.S. 9:2800.52 *et seq.* seeking recovery for substantial personal injuries and damages suffered by Plaintiff after she purchased and used a Model No. IP-DUO60 V3 pressure cooker ("subject pressure cooker"). *See* Complaint ¶¶ 8, 9. The subject pressure cooker was designed, manufactured, marketed, sold by the Defendant Instant Brands, Inc. *Id*. at ¶¶ 10 – 14. On or about March 22, 2019, Plaintiff suffered serious and substantial burn injuries as the result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the subject pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. *Id*. at ¶ 9.

Plaintiff filed suit against the above-named Defendant on March 13, 2020. *See* Docket Entry 1. On or about June 10, 2020, Plaintiff's counsel retained the Shreefer Firm in the present matter. *See* Shreefer Decl., ¶ 1. The Hague Service Convention is an international treaty regulating service of process among member nations. The U.S. Supreme Court has held that where the Hague Convention is in effect, litigants must use one of its channels to effect service of process. *See Volkswagenwerk AG v. Schlunk*, 486 U.S. 694, 108 S. Ct. 2104 (1988); *see also* Shreefer Decl., ¶ 2.

Due to the ongoing Covid-19 epidemic, Instant Brands, like most Canadian businesses, had been closed since late March, which has made service through the Hague Service Convention difficult to accomplish.  *See* Shreefer Decl., ¶ 2. According to Couvrette Legal Services based in

Ontario, Instant Brands has recently been staffed periodically but without notice; making the only way to effect service to stop by the business in the hopes of finding someone present. *See* Shreefer Decl., ¶ 3. Nonetheless, Couvrette Legal Services was able to serve Instant Brands, Inc. on June 24, 2020. *See* Docket Entry 10; *see also* Shreefer Decl., ¶ 4.

## II. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court not to dismiss her case, and that she be allowed to proceed on the merits.

Respectfully submitted,

**JOHNSON BECKER, PLLC**

Dated: July 6, 2020

*/s/ Adam J. Kress, Esq*.
Adam J. Kress, Esq.  (MN ID #0397289)
*Admitted Pro Hac Vice*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

*In association with*

**THE GERTLER LAW FIRM**

Louis L. Gertler, Esq. (#23091)
935 Gravier Street, Suite 1900
New Orleans, LA 70112
(504) 581-6411
lgertler@gertlerfirm.com

***Attorneys for Plaintiff***

-3-